TRAMPE (JULIA), Plaintiff, vs. WISCONSIN TELEPHONE COMPANY and another, Defendants. [Cross-appeals.]

*January 10—February 6, 1934.*

220

For the plaintiff Trampe there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *M. J. Brennan* and *G. L. McDonough*.

For the defendant Wisconsin Telephone Company there were briefs by *Miller, Mack & Fairchild,* and oral argument by *Leon F. Foley,* all of Milwaukee.

For the defendant Wren there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham*.

FAIRCHILD, J.   When this case was finally brought on for trial, no cause of action existed in favor of Julia Trampe against the appellant Telephone Company.   The claim which

Julia Trampe had theretofore alleged against the appellant had been rejected by a jury and the court below had in July directed the dismissal of her complaint on the merits. By reason of the stipulation made on the part of Julia Trampe with Wren, no cause of action remained in her against him. After the trial, when the true situation was disclosed before the court, the complaint of Julia Trampe and the cross-complaint of Wren should have been dismissed.

With reference to Julia Trampe's position in this matter, no justification for litigation exists, and her complaint must be dismissed. With reference to the claim of Wren, we have not considered whether under the law of the case he and appellant are joint tortfeasors, but because of the facts set forth, and the imposition upon the court of a fictitious suit (see case of Herman Trampe, plaintiff, against the Wisconsin Telephone Co. and Harry Wren, defendants, decided herewith, *ante,* p. 210, 252 N. W. 675), he is not entitled to recover any amount whatever, nor does he take his costs.

The American Automobile Insurance Company mentioned in the judgment was not a party to the action and the reference to it evidently was inadvertently made. Under the ruling, no further consideration need be given that matter.

*By the Court.*—Judgment reversed, cause remanded with directions to dismiss plaintiff's complaint, the defendant Wren's cross-complaint, and to enter judgment in favor of appellant.